488 F.2d 529
 7 Fair Empl.Prac.Cas. 787, 6 Empl. Prac. Dec. P 9006
Louis J. MURRY et al., Plaintiffs-Appellees,
v.
AMERICAN STANDARD, INC., et al., Defendants-Appellants.
AMERICAN STANDARD, INC., et al., Petitioners,
v.
Honorable Frederick J. R. HEEBE, Chief Judge, United States
District Court for the Eastern District of
Louisiana, New Orleans Division, Respondent.
 No. 73-1756 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Dec. 14, 1973.
 
 Andrew P. Carter, David E. Walker, H. Sloan McCloskey, Jerry Gardner, Jr., New Orleans, La., for defendants-appellants.
 Richard B. Sobol, David J. Dennis, New Orleans, La., George Cooper, New York City, Frederick J. R. Heebe, New Orleans, La., for plaintiffs-appellees.
 Before BELL, GODBOLD and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from an order of the District Court granting a preliminary injunction requiring appellant American Standard, Inc., to reinstate as an employee Cornell Hood, one of the plaintiffs in this Title VII class action.
 
 
 2
 Appellant's primary argument is that absent imminent irreparable injury, which it views as necessary to exercise of a trial court's inherent equitable authority to issue preliminary injunctions, a private individual may not obtain a preliminary injunction in an action premised on Title VII. In its view such an injunction may issue only in an action brought by the Attorney-General. This proposition finds no support in our cases.
 
 Title VII explicitly provides:
 
 3
 If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include reinstatement or hiring of employees, with or without back pay . . . .
 
 
 4
 42 U.S.C.A. Sec. 2000e-5(g). In Culpepper v. Reynolds Metals Company, 421 F.2d 888 (CA5 1970), a case which like this one involved the issuance of a temporary injunction requested by a private individual in a Title VII suit, this court interpreted the statutory language set forth above:
 
 
 5
 The language in Sec. 2000e-5(g) "if the court finds" does not mean only that if the court finds upon a full hearing on the merits. It can also mean if the court finds upon a hearing on the issue of a temporary injunction, the court may temporarily enjoin the employer and grant temporary affirmative relief.
 
 
 6
 421 F.2d at 894. Culpepper clearly indicates that a private individual may rightly claim a statutory basis for obtaining a preliminary injunction in a Title VII suit.
 
 
 7
 Appellant seeks to limit Culpepper to issuance of an injunction based upon inherent equitable power of the court to issue a temporary injunction to prevent imminent irreparable injury. The court discussed that inherent power in the course of the Culpepper opinion, but the burden of that discussion was to demonstrate that even under the rejected restrictive reading of the statute employed by the District Court in that case issuance of a temporary injunction would have been authorized.[1] The presence of this discussion does not alter the interpretation of Sec. 2000e-5(g) expressly adopted by the court. The statutory, as opposed to equitable, basis for the decision in Culpepper is further evidenced by the court's summary of United States v. Hayes International Corp. et al., 415 F.2d 1038 (CA5 1969), as holding that
 
 
 8
 [W]here the statutory rights of employees are involved and an injunction is authorized by statute, the usual prerequisite of irreparable injury need not be established before obtaining an injunction because irreparable injury should be presumed from the very fact that the statute has been violated.
 
 
 9
 421 F.2d at 894-895.
 
 
 10
 In short, Culpepper determined that Title VII authorizes granting a preliminary injunction requested by a private person. Hayes International and Culpepper determined that where such statutory authorization exists irreparable injury need not be shown.[2] The District Court had adequate authority under the statute to issue the injunction attacked here. Additionally, the unavailability to individual plaintiffs of preliminary relief while the action proceeds would limit the utility of private class actions as a means of enforcing the statute. Cf., Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (CA5 1968).
 
 
 11
 Appellant's contention that it was unfairly surprised by evidence presented in the hearing on the preliminary injunction must be rejected. Appellant did not respond to the trial court's offer of additional time if needed to avoid surprise.
 
 
 12
 Affirmed.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409
 
 
 [1]
 There appears to be an error in the reported opinion in Culpepper which might generate confusion. At 421 F.2d 894, column two, new paragraph one, are references to Sec. 2000e-5(b) and Sec. 2000e-5(a). From reading the code and from the immediately preceding paragraph of the opinion itself, we infer that these references should be to Sec. 2000e-5(h) and Sec. 2000e-5(g) respectively
 
 
 [2]
 Appellant notes that Hayes International was an action brought by the Attorney-General and infers that the non-requirement of irreparable injury is limited to such suits. In view of the statutory basis for Culpepper, this argument must be rejected