Hughette THEODORE, Plaintiff,

v.

ELMHURST COLLEGE, an Illinois Corporation, Defendant.

No. 76 C 2283.

United States District Court, N. D. Illinois, E. D.

Sept. 15, 1976.

Frances X. Riley, Chicago, Ill., for plaintiff.

Andrew Kramer, Sandra P. Zemm, Raymond J. Kelly, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

This cause is before the court on plaintiff's motion for preliminary injunctive relief pursuant to rule 65(a) of the Federal Rules of Civil Procedure. For the reasons set forth *infra,* plaintiff's motion is denied.

The verified complaint in this action alleges that plaintiff, a tenured employee at Elmhurst College, a private nonprofit educational institution, was illegally terminated in her employment because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1), as amended. Plaintiff alleges that subsequent

to an aborted attempt in 1973 to discharge her, defendant altered its procedure for determining seniority so that plaintiff was "demoted" from a senior status over at least two members of the faculty in her department to the bottom of the seniority ladder. After administrative review, defendant notified the plaintiff that because of economic reasons her employment would be terminated effective August 15, 1976. Plaintiff asserts, however, that the true reason for the changes in the seniority criteria and for her ultimate dismissal was that she was black. Plaintiff seeks reinstatement as well as damages resulting from her wrongful discharge.

At this stage of the litigation, plaintiff is seeking a preliminary injunction prohibiting the defendant from terminating her employment and discontinuing those benefits accruing to plaintiff as a tenured employee of Elmhurst College.[1] The factors relevant to the determination of a request for preliminary injunctive relief in a Title VII employment discrimination case have recently been articulated by the Seventh Circuit. In *Washington v. Walker,* 529 F.2d 1062 (7th Cir. 1976), the court stated:

> The appropriateness of granting or denying a preliminary injunction "depends upon a balancing of several factors, including the likelihood of success on the merits, the lack of adequate remedy at law, the prospect of irreparable harm if the injunction is not issued and a comparison of the relative hardships imposed on the parties."

*Id.* at 1065, quoting *Banks v. Trainor,* 525 F.2d 837, 841 (7th Cir. 1975), *cert. denied,* 424 U.S. 978, 96 S.Ct. 1484, 47 L.Ed.2d 748 (1976). While the parties dispute whether all four of the abovementioned factors have been satisfied, this case revolves about whether the plaintiff has established that she will be irreparably harmed by this court's failure to enjoin the defendant from terminating her employ.

---

1. On June 29, 1976, this court denied plaintiff's motion for a temporary restraining order in which plaintiff sought the continuation of certain insurance benefits provided by defendant to its tenured employees scheduled to terminate on June 30, 1976.

Before proceeding it should be noted that this court is aware of those cases in which it has been held that irreparable harm is *presumed* in a motion for a preliminary injunction in Title VII cases when the plaintiff has established a likelihood of success on the merits of the complaint. *Murry v. American Standard, Inc.,* 488 F.2d 529 (5th Cir. 1973); *Culpepper v. Reynolds Metals Co.,* 421 F.2d 888 (5th Cir. 1970); *Manhart v. City of Los Angeles,* 387 F.Supp. 980 (C.D.Cal.1975); *Held v. Missouri Pac. R. R.,* 373 F.Supp. 996 (S.D.Tex.1974); *United States v. Virginia Electric & Power Co.,* 327 F.Supp. 1034 (E.D.Va.1974). However, in *Washington v. Walker, supra,* the Seventh Circuit indicated that a positive showing of irreparable harm is required in Title VII employment discrimination cases. This requirement is shown by the court's discussion of how the plaintiff in that case had failed to show irreparable injury, 529 F.2d at 1065–66, and by the court's citing with approval *Oburn v. Shapp,* 521 F.2d 142 (3d Cir. 1975), a case in which the Third Circuit required a positive showing of irreparable injury in a Title VII action. 521 F.2d at 150–51, 145–46 n.7. *See also Jerome v. Viviano Food Co.,* 489 F.2d 965 (6th Cir. 1974). Moreover, the recent decision by the Fifth Circuit in *Parks v. Dunlop,* 517 F.2d 785 (5th Cir. 1975) (per curiam), casts doubt on the validity of the "presumptive" irreparable injury doctrine as enunciated in *Culpepper* and *Murry.* Therefore, in order for the plaintiff to succeed on her motion for preliminary injunctive relief she must establish that she will suffer irreparable injury if she loses.

In support of her claim that she will suffer irreparable injury if the defendant is allowed to dismiss her, plaintiff argues that she will be without funds to support herself or to properly prosecute her complaint. Moreover, plaintiff contends that her professional reputation will be injured by this firing and that she will be unable to obtain employment during the pendency of this suit.

It should be noted that plaintiff's entire proof of irreparable injury consists of one paragraph in her verified complaint in which she states that, "She will have no means of supporting herself here . . . . . Her whole offensive struggle will be irreparably strangled and frustrated. Her whole future will be irreparably damaged."

The court finds that this showing is completely insufficient to establish irreparable injury to the plaintiff. No further evidence is presented to support the broad and conclusory statements made by plaintiff. For instance, no evidence is presented to show that the plaintiff will in fact be unable to obtain employment during the pendency of this action. Plaintiff offers no evidence of jobs she has applied for and been refused. Moreover, in plaintiff's own complaint she admits that, "The college has never at any time, in any place questioned plaintiff's ability or integrity . . . ." This admission mitigates against a finding that plaintiff's reputation has been injured because of her dismissal.

But, even if plaintiff could have shown that the loss of her job would have left her in deep financial problems, this court, on the basis of *Sampson v. Murray,* 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), would have been constrained to hold that a showing of irreparable injury had not been made. In *Sampson,* a probationary federal employee sought interim injunctive relief to prevent her discharge which she claimed was not done in conformity with the applicable Civil Service Regulations. One of the grounds the Supreme Court used to reverse the court of appeals affirmance of the district court's granting of a preliminary injunction was that, "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." *Id.* at 90, 94 S.Ct. at 953. Thus, because the plaintiff in *Sampson* could have recovered any loss of pay because of her wrongful discharge, money damages could have made her whole and no irreparable injury was caused by being discharged until the ultimate determination of her cause. And, in response to plaintiff's argument that until a decision on the mer-

its she would be able to secure work and be destitute, the Court responded:

> We recognize that cases may arise in which the circumstances surrounding an employee's discharge, together with the resultant effect on the employee, may so far depart from the normal situation that irreparable injury might be found. Such *extraordinary* cases are hard to define in advance of their occurrence. *We have held that an insufficiency of savings or difficulties in immediately obtaining other employment—external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself—will not support a finding of irreparable injury, however severely they may affect a particular individual.*

415 U.S. at 92 n.68, 94 S.Ct. at 953.

■ In the case at bar, not only can this court grant back pay to make plaintiff whole, but reinstatement as well as any other appropriate relief can be awarded. 42 U.S.C. § 2000e–5(g). Therefore, since the plaintiff in this motion has merely alleged injuries which flow in all cases when an individual is discharged from employment, the reliefs available upon the determination of this cause can remedy any wrong that may have been committed against her. That in the interim she may suffer hardship from her discharge has been made insufficient by *Sampson* to support a finding of irreparable injury necessary to the issuance of a preliminary injunction.

Plaintiff would have this court distinguish *Sampson* on the ground that *Sampson* was a separation of powers case involving the court's reluctance to force upon a federal agency an unwanted probationary employee. But, while several district courts have so distinguished *Sampson, see Assaf v. University of Texas System,* 399 F.Supp. 1245, 1251 (S.D.Texas 1975); *American Federation of Government Employees, Loc. 1858 v. Callaway,* 398 F.Supp. 176 (N.D.Ala. 1975),[2] this court is of the opinion that the *Sampson* decision was based upon and delineated those general equitable principles to be considered in all requests for preliminary relief in employment discrimination cases. This broadness of the *Sampson* ruling is shown by the court's reliance on *Virginia Petroleum Jobbers Assn. v. FPC,* 104 U.S.App.D.C. 106, 259 F.2d 921 (1958), for the proposition that, " 'Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough [for a preliminary injunction].' " 415 U.S. at 90, 94 S.Ct. at 953, quoting *Virginia Petroleum Jobbers Assn. v. FPC, supra* at 925. Moreover, two courts of appeals which have considered the matter after *Sampson* have interpreted the extent of the ruling beyond the narrow facts of that decision. *Parks v. Dunlop,* 517 F.2d 785 (5th Cir. 1975); *Soldevila v. Secretary of Agriculture,* 512 F.2d 427 (1st Cir. 1975).

Therefore, this court finds that as a matter of fact and law the plaintiff has failed to show irreparable harm justifying an injunction *pendente lite.* Plaintiff's motion is hereby denied.

It is so ordered.

■

---

2. It should be noted that in the *Assaf* and *Loc. 1858* cases cited in the text, there were other factors which would support a finding of irreparable injury *external* to the mere loss of employment. In *Assaf,* the plaintiff lost the use of research resources vital to the continuation of his work. 399 F.Supp. at 1251. In *Loc. 1858,* not all members of the class could have received back pay or damages at a later date.

398 F.Supp. at 194. Furthermore, in *Johnson v. University of Pittsburgh,* 359 F.Supp. 1002 (W.D.Penn.1973), the case principally relied on by the plaintiff, not only was this case decided before *Sampson,* but it also contained the fact that if the plaintiff was discharged she would have lost a research grant which could not have been recovered. *Id.* at 1004.