**Thomas M. GARZA, Plaintiff-Appellant,**

v.

**TEXAS EDUCATIONAL FOUNDATION, INC., Defendant-Appellee.**

**No. 77–1761**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 1978.

James M. Simons, Austin, Tex., for plaintiff-appellant.

Morgan Hunter, Brook Bennett Brown, Austin, Tex., for defendant-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

GOLDBERG, Circuit Judge:

Plaintiff Thomas M. Garza, an employee of defendant Texas Educational Foundation, Inc. at its Camp Gary Job Corps Center, San Marcos, Texas, was discharged by defendant on January 26, 1977 for violation of C.3e of defendant's Standard Policy and Procedure 3–1–5. C.3e provides that an employee may be discharged without notice for "[a]bsence from duty without notice to and permission from [his] immediate supervisor except for cause beyond [the] employee's control which prevents giving notice." Plaintiff alleges that the real reason for his discharge was not a violation of defendant's policies, but rather the fact that he had previously filed two complaints with the Equal Employment Opportunity Commission (EEOC). Following his discharge, plaintiff filed a third complaint against defendant with the EEOC, alleging that his discharge was in retaliation for having filed previous complaints with the EEOC. Plaintiff then filed a complaint with the district court, seeking a preliminary injunction, pending an EEOC investigation of the case and issuance of a right to sue letter, ordering his reinstatement and an award of back pay from the date he was discharged, together with an award of attorney's fees.

The district court, after a hearing, denied the plaintiff's motion for a preliminary injunction. That court first noted that it had "jurisdiction over Plaintiff's request for preliminary injunctive relief pending final action by the EEOC on his complaint" under *Drew v. Liberty Mutual Insurance Co.*, 480 F.2d 69 (5th Cir. 1973), *cert. denied* 417 U.S. 935, 94 S.Ct. 2650, 41 L.Ed.2d 239 (1974), and then went on to state that

> In order to be entitled to such injunctive relief . . . Plaintiff must show that the failure to grant injunctive relief at this time would result in irreparable injury to him and that he has a substantial likelihood of ultimate success on the merits.

This is the proper standard under *Drew*, 480 F.2d at 72; *see also Sorenson v. Raymond*, 532 F.2d 496, 498–499 (5th Cir. 1976).

On the issue of ultimate success on the merits, the court found as follows:

The evidence presented at the hearing was in conflict as to the reason why Plaintiff was discharged. The Court cannot find that the conflicting evidence was so weighted in favor of Plaintiff as to constitute the establishment of a substantial likelihood that Plaintiff will ultimately succeed on the merits of his case. Absent such a showing, the Court cannot grant preliminary injunctive relief prior to final action by the EEOC on Plaintiff's complaint.

We have carefully reviewed the record and, while noting that plaintiff's case is not insubstantial, cannot conclude that the district court's findings are clearly erroneous or constitute an abuse of discretion, *see Morgan v. Fletcher*, 518 F.2d 236, 238 (5th Cir. 1975). On this basis alone, we must affirm the district court's decision.

The district court's opinion went on to discuss whether the plaintiff had established irreparable injury. In concluding that he had not, the district court apparently relied on the following language from the Supreme Court's decision in *Sampson v. Murray*, 415 U.S. 61, 92 n. 68, 94 S.Ct. 937, 953, 39 L.Ed.2d 164 (1974):

> We have held that an insufficiency of savings or difficulties in immediately obtaining other employment—external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself— will not support a finding of irreparable injury, however severely they may affect a particular individual.

In two cases decided since *Sampson*, *Parks v. Dunlop*, 517 F.2d 785 (5th Cir. 1975), and *Morgan v. Fletcher*, 518 F.2d 236 (5th Cir. 1975), this court has followed the *Sampson* rule. However, it is significant to note that all three of these cases have involved federal employees. In *Sampson* itself, which was not a Title VII action, the Supreme Court emphasized both "the well-established rule that the Government has traditionally been granted the widest latitude in the 'dispatch of its own internal affairs,'" [citation omitted] and the "seri-

ous weight" the district court "is bound to give . . . to the obviously disruptive effect which the grant of the temporary relief awarded here was likely to have on the administrative process." 415 U.S. at 83, 94 S.Ct. at 949. In light of these factors, the Court held "that respondent at the very least must make a showing of irreparable injury sufficient in kind and degree to override these factors cutting against the general availability of preliminary injunctions in Government personnel cases." *Id.* at 84, 94 S.Ct. at 950. Both *Parks, supra,* involving an employee of the Department of Labor, and *Morgan, supra,* involving an employee of NASA, fall comfortably within this government personnel rationale.

In several Title VII cases decided before *Sampson,* this court took a somewhat different approach, holding "that where the statutory rights of employees are involved and an injunction is authorized by statute, the usual prerequisite of irreparable injury need not be established before obtaining an injunction because irreparable injury should be presumed from the very fact that the statute has been violated." *Murry v. American Standard, Inc.,* 488 F.2d 529, 531 (5th Cir. 1973), *quoting Culpepper v. Reynolds Metals Company,* 421 F.2d 888, 894–895 (5th Cir. 1970), in turn summarizing the court's holding in *United States v. Hayes International Corp. et al.,* 415 F.2d 1038 (5th Cir. 1969). Neither *Murry* nor *Culpepper* nor *Hayes International* involved public employees.

In *Drew v. Liberty Mutual Insurance Company, supra,* 480 F.2d at 72, another non-public employee case, this court concluded that individual employees might seek temporary relief in hardship cases pending action of the EEOC on the basic charge of discrimination "in the limited class of cases . . . in which irreparable injury is shown and likelihood of ultimate success has been established . . ."[1] This court has not yet considered whether

the *Sampson* standard is the appropriate test of irreparable injury outside the context of government personnel decisions. We consider that to be an open question in this circuit. Nor do we believe that this case provides the appropriate occasion to address that question. Since the district court found that plaintiff had failed to establish a substantial likelihood of ultimate success on the merits, and since we cannot conclude that that finding is clearly erroneous or an abuse of discretion under the standards established in *Drew,* we AFFIRM.

---

1. We note that *Murry, supra,* affirming the proposition that irreparable injury should be presumed from the fact of a statutory violation, was decided subsequent to this statement in *Drew.*

