**Susan MIDDLETON–KEIRN,
Plaintiff-Appellant,**

v.

**Ernest STONE, Individually and as President of Jacksonville State University, et al., Defendants-Appellees.**

No. 80–7843.

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 8, 1981.

Susan Williams Reeves, Birmingham, Ala., for plaintiff-appellant.

Walter J. Merrill, Anniston, Ala., for defendants-appellees.

Before FRANK M. JOHNSON, Jr. and HATCHETT, Circuit Judges, and SCOTT *, District Judge.

HATCHETT, Circuit Judge:

Professor Susan Middleton-Keirn brings this employment discrimination action against her employer, Jacksonville State University (Jacksonville), alleging that she was denied employment because of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. She petitioned the district court for a preliminary injunction requiring Jacksonville to reinstate her in her former position on the faculty pending the outcome of her action. The district court denied her petition, and she brings this appeal. Finding that the district court applied the wrong legal standard in reviewing Middleton-Keirn's petition for a preliminary injunction, we reverse and remand for further consideration.

\* District Judge of the Middle District of Florida, sitting by designation.

## FACTS

Jacksonville State University is a state supported college located in Jacksonville, Alabama. Middleton-Keirn was an untenured associate professor with the institution, having been hired for five consecutive twelve-month periods. If the institution had offered her a sixth twelve-month contract, she would have been eligible for tenure. The institution notified her at the end of her fifth year, however, that she would not be offered a sixth term. Middleton-Keirn filed with the EEOC a sex discrimination charge against Jacksonville, and after receiving a "right-to-sue" letter commenced this action in the district court pursuant to 42 U.S.C. § 2000e-5. After filing suit, Middleton-Keirn moved for a preliminary injunction requesting reinstatement on the Jacksonville faculty. The district court denied her motion on the ground that she failed to satisfy the prerequisite of showing that she would suffer irreparable injury if the injunction were not issued.

## ISSUE

We must determine whether state employees must prove irreparable injury in order to warrant issuance of a preliminary injunction requiring reinstatement pending litigation of a Title VII employment discrimination action.

## THE PRELIMINARY INJUNCTION

The merits of Middleton-Keirn's claim of employment discrimination are not presently before this court. The issue here is simply the propriety of the denial of a preliminary injunction. A preliminary injunction functions merely to preserve the status quo until the merits of a claim can be adjudicated. *American Radio Ass'n v. Mobile Steamship Ass'n, Inc.*, 483 F.2d 1 (5th Cir. 1973). We must ask whether the trial court abused its discretion in denying the preliminary injunction. *Mercury Motor Express v. Brinke*, 475 F.2d 1086 (5th Cir. 1973). While the granting or denying of a prelimi-

nary injunction rests in the sound discretion of the district court, this discretion must be exercised in view of the four prerequisites established in the Fifth Circuit for issuance of a preliminary injunction in *Johnson v. Radford*, 449 F.2d 115 (5th Cir. 1971). These prerequisites are:

> (1) a substantial likelihood that the plaintiff will prevail on the merits, (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the plaintiff outweighs the threatened harm an injunction may cause the defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

*Clements Wire and Manufacturing Co., Inc. v. NLRB*, 589 F.2d 894, 897 (5th Cir. 1979).

### CONTENTIONS OF THE PARTIES

Middleton-Keirn contends that the district court erred in its determination that all state employees seeking a preliminary injunction in Title VII actions must show irreparable injury. She contends that the Fifth Circuit rule governing private sector employees, that irreparable injury will be presumed, applies to state employees as well. Jacksonville asserts that the district court was correct in its presumption that the rule established by the Supreme Court in *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974), as interpreted in the Fifth Circuit, requires state employees seeking a preliminary injunction in Title VII actions to show irreparable injury.

### THE REQUIREMENT OF IRREPARABLE INJURY

The Fifth Circuit has ruled that irreparable injury will be presumed in the case of private sector employees seeking a preliminary injunction in Title VII employment discrimination actions. In *United States v. Hayes International Corp.*, 415 F.2d 1038 (5th Cir. 1969), this court stated:

> Where ... the statutory rights of employees are involved and an injunction is authorized by statute and the statutory conditions are satisfied ... the usual pre-

requisite of irreparable injury need not be established and the agency to whom the enforcement of the right has been entrusted is not required to show irreparable injury before obtaining an injunction.... We take the position that in such a case, irreparable injury should be presumed from the very fact that the statute has been violated. Whenever a qualified ... employee is discriminatorily denied a chance to fill a position for which he is qualified and has the seniority to obtain, he suffers irreparable injury and so does the labor force of the country as a whole.

*Id.* at 1045 (citations omitted). While the facts in *Hayes* concerned a class action, the Fifth Circuit applied the rationale of the decision to individuals in *Culpepper v. Reynolds Metal Co.*, 421 F.2d 888 (5th Cir. 1970), and *Murry v. American Standard, Inc.*, 488 F.2d 529 (5th Cir. 1973). In these cases, the employee did not have a pending administrative action, but rather had filed suit in the district court pursuant to Title VII.

In 1972, Congress amended Title VII to provide for the first time that in exceptional circumstances, the EEOC may bring an action for preliminary relief pending final disposition of a charge. This court was soon faced with the question of whether in doing so, Congress intended to make the newly authorized EEOC action the exclusive means by which an employee would be protected from irreparable injury. *Drew v. Liberty Mutual Insurance Co.*, 480 F.2d 69 (5th Cir. 1973). In other words, may an employee petition the district court for preliminary injunctive relief pending the action of the EEOC on the basic charge of discrimination. This court held in *Drew* that the employee with a charge pending before the EEOC could petition the court for a preliminary injunction, but in that situation the employee was required to show irreparable injury.

In requiring Middleton-Keirn to show irreparable injury, the district court relied on the Supreme Court ruling in *Sampson v. Murray*, 415 U.S. 61, 94 S.Ct. 937, 39

L.Ed.2d 166 (1974). *Sampson*, however, was concerned with a federal employee seeking injunctive relief reinstating her in her position pending outcome of an administrative appeal. In contrast, Middleton-Keirn has no remaining administrative remedies. In holding that issuance of a preliminary injunction was inappropriate, the *Sampson* Court stated, "The district court, exercising its equitable powers, is bound to give serious weight to the obviously disruptive effect which the grant of the temporary relief awarded here was likely to have on the *administrative process*." *Sampson* at 83, 94 S.Ct. at 949 (emphasis added). The Court, in fact, distinguished an earlier Supreme Court case by stating, "In that case, however, judicial proceedings were not commenced until the administrative remedy had been unsuccessfully pursued." *Sampson* at 71, 94 S.Ct. at 944.

The district court also relied on two Fifth Circuit cases, *Parks v. Dunlop*, 517 F.2d 785 (5th Cir. 1975), and *Morgan v. Fletcher*, 518 F.2d 236 (5th Cir. 1975). The Fifth Circuit, relying on *Sampson*, held in both cases that the employees were required to show irreparable injury as a prerequisite to preliminary injunctive relief. Both cases, however, also involved federal employees with pending administrative reviews.

Finally, the district court relied on *Garza v. Texas Educational Foundation*, 565 F.2d 909 (5th Cir. 1978), in which a state employee with a pending EEOC claim sought injunctive relief. As with *Sampson, Parks*, and *Morgan*, the employee was pursuing a pending administrative appeal. In addition, the *Garza* court expressly declined to pass on the question of whether the *Sampson* test of irreparable injury extended to state employees. Rather, the *Garza* court found that the employee's motion for injunctive relief was properly denied on other grounds.

Two distinct lines of cases are involved. One line of cases, *Sampson, Morgan, Parks*, and *Drew*, involve an employee seeking a preliminary injunction during the pendency of an EEOC or other agency action. These cases have held that an employee with a charge in this posture must show irreparable injury in order to warrant issuance of a preliminary injunction. Another line of cases in the Fifth Circuit, *Hayes, Culpepper*, and *Murry*, involve employees who, having exhausted EEOC or other administrative remedies, have filed Title VII actions in the district courts seeking final adjudication on the merits. These cases hold that where an employee with an action in this posture petitions the court for a preliminary injunction, the element of irreparable injury will be presumed.

We find that the *Sampson, Parks*, and *Morgan* decisions are inapplicable when, as here, the employee has exhausted all administrative remedies and has filed suit in the district court. An action in that posture is governed by *Hayes*, and irreparable injury is presumed.

The court's denial of Middleton-Keirn's motion for a preliminary injunction was based solely on the fact that she was unable to provide evidence of irreparable injury. The district court did not make findings on the other three prerequisites for issuance of a preliminary injunction. The other three: a substantial likelihood that the plaintiff will prevail on the merits, that the threatened injury to the plaintiff outweighs the threatened harm an injunction may cause the defendant, and that granting the preliminary injunction will not disserve the public interest, must be considered.

## CONCLUSION

Because we find that the district court applied the wrong legal standard in denying Middleton-Keirn's motion for a preliminary injunction, and because the record is not sufficiently developed to allow this court to determine whether Middleton-Keirn has satisfied all the requirements for a preliminary injunction, we reverse the decision of the district court and remand for further proceedings.

**REVERSED AND REMANDED**