# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2010

No. 10-30258
Summary Calendar

Lyle W. Cayce
Clerk

RALPH SLAUGHTER,

Plaintiff–Appellant

v.

DALE ATKINS; JOHNNY ANDERSON; TONY CLAYTON; LEA POLK-
MONTGOMERY; BOARD OF SUPERVISORS OF SOUTHERN
UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE,

Defendants–Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-190

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ralph Slaughter appeals the district court's denial of his motion for a preliminary injunction. Slaughter, the former president of the Southern University System ("Southern"), sued the Board of Supervisors ("the Board") and some of its members after it voted not to renew or extend his contract and terminate his employment at a March 27, 2009 Board meeting, and requested

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30258

a preliminary injunction mandating the Board reinstate him as president of Southern. Because Slaughter has not demonstrated that he will be irreparably harmed if his requested preliminary injunction does not issue, we affirm the district court's denial.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Slaughter was hired without a contract as president of Southern in 2006. Slaughter first filed suit against the Board on May 15, 2007 in state court alleging various state and federal claims for retaliation for reporting and complaining about sexual harassment experienced by Board employees at Southern.[1] The parties settled that suit, and in exchange Slaughter received a two-year employment contract, the material terms at issue are as follows:

1. The Board hereby employs Dr. Ralph Slaughter to serve as President of the Southern University System and Secretary to the Board of Supervisors of Southern University . . . . This agreement is issued for the fiscal year (July 1 - June 30) commencing July 1, 2007 for a fixed term of two (2) years ending June 30, 2009. This agreement shall expire and terminate on June 30, 2009. Contingent upon a favorable performance review and affirmative act of the Board of Supervisors on or before April 1, 2009, this contract may be extended.

Slaughter allegedly continued to receive complaints that employees were being sexually harassed by Board members and continued to work to resolve the outstanding complaints of harassment. In late 2008 the Board allegedly retaliated against Slaughter by changing the method by which his performance was evaluated and reducing his authority to authorize expenditures. By

---

[1] The case was removed to federal court on May 30, 2007. The district court found that Slaughter had engaged in protected activity and that the Board had retaliated against him, and granted a preliminary injunction prohibiting the Board from terminating him or retaliating against him. *Slaughter v. Bd. of Supervisors of S. Univ. et al.*, No. 3:07-cv-379, slip op. (M.D. La. July 5, 2007).

No. 10-30258

January 2009 there were six new Board members appointed (out of a total of 16), whom Slaughter notified about the 2007 sexual harassment litigation and retaliation. Slaughter complains that the Board Chair changed the March 27, 2009 Board meeting Agenda to also discuss his employment beyond June 30, 2009, rather than just his annual evaluation. At the March 27, 2009 Board meeting, the Board voted 11-5 not to extend or renew Slaughter's contract and voted that his employment with Southern would end as of June 30, 2009.

Slaughter brought this suit alleging various state and federal claims arising out of his termination and defendants' alleged retaliation on April 3, 2009, and filed a motion for a preliminary injunction on September 2, 2009. The district court held a two-day evidentiary hearing on Slaughter's motion starting February 22, 2010. The district court denied the motion on February 25, 2010. Slaughter timely appealed.

## II. ANALYSIS

We review the district court's denial of Slaughter's motion for a preliminary injunction for abuse of discretion. *Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (citing *Doe v. Duncanville Indep. Sch. Dist.*, 994 F.2d 160, 163 (5th Cir. 1993)). "A preliminary injunction is an extraordinary remedy" that a district court should only issue if the movant establishes:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citing *Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006)). "Although the ultimate decision whether to grant or deny a preliminary injunction is reviewed only for abuse of discretion, a decision grounded in erroneous legal principles is reviewed *de novo*." *Byrum*

No. 10-30258

*v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (quotation omitted). "Each element of the injunction analysis typically involves questions of fact and law. The factual components of the decision are subject to a clearly-erroneous standard of review," while legal conclusions "are subject to broad review and will be reversed if incorrect." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (citations and quotation omitted).

The decision whether to admit testimony or other evidence is committed to the sound discretion of the trial judge. *United States v. Okoronkwo*, 46 F.3d 426, 435 (5th Cir. 1995). We review the district court's evidentiary rulings for abuse of discretion. *United States v. Scott*, 48 F.3d 1389, 1397 (5th Cir. 1995). Federal Rule of Evidence 801(d)(2) provides that a statement offered against a party is not hearsay when it is:

> (A) the party's own statement, in either an individual or a representative capacity or
> . . .
> (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or
> (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

Slaughter argues that at the hearing on his motion for a preliminary injunction the district court made a host of evidentiary errors with regard to testimony that would have established a retaliatory animus and a conspiracy to retaliate against him. Throughout the testimony of Slaughter's witnesses the court generally sustained objections to testimony about what a member of the Board told the witness. (*See* A.R. 1402-03). Specifically, Slaughter's attorney attempted to admit into evidence testimony of Leonard London, a retired barber, on the topic of one Board member's (a client of his) statements to him regarding the conspiracy to terminate Slaughter. (A.R. 1011). She also attempted to admit into evidence testimony of Jamal Taylor, a former Board member, regarding

4

statements made to him by another Board member regarding Slaughter's termination. (A.R. 1018-20).

Rule 103(a)(2) of the Federal Rules of Evidence provides that "error may not be predicated upon a ruling which . . . excludes evidence unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." Fed. R. Evid. 103(a)(2). "[T]his circuit will not even consider the propriety of the decision to exclude the evidence at issue, if no offer of proof was made at trial." *United States v. Winkle*, 587 F.2d 705, 710 (5th Cir. 1979). Although a formal offer is not required to preserve error, the party must at least inform the trial court "what counsel intends to show by the evidence and why it should be admitted." *United States v. Ballis*, 28 F.3d 1399, 1406 (5th Cir.1994). We assume that the affidavits filed by Slaughter in support of the motion for a preliminary injunction, the exhibits proffered and lodged at trial, other supporting affidavits filed with the court, and the oral proffers made during the course of his attorney's direct examination of witnesses are sufficient for Rule 103(a)(2) purposes.

At trial, Slaughter's attorney argued that the Rule 801(d)(2)(E) co-conspirator and 801(d)(2)(D) agency exclusions applied. The district court did not abuse his discretion when he sustained the objections on the grounds that she had not established either a conspiracy or an agency relationship necessary to invoke the exclusions. (A.R. 1020, 1041, 1360-61); *see Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy.") (internal quotation marks omitted).

Slaughter had not provided any documentary evidence showing either such relationship, and sought to prove the conspiracy or agency relationship through the testimony itself.

Slaughter's counsel also argued that each Board member's statements could be offered as an admission by a party-opponent under Rule 801(d)(2)(A). The district court refused to admit party-opponent testimony on the ground that the motion for a preliminary injunction sought to enjoin the *Board* from retaliating against him and to reinstate him, not the individual Board defendants. (A.R. 1168). The district court did not abuse its discretion when it determined that any statements made by individual Board defendants as party-opponents themselves were therefore irrelevant for purposes of the preliminary injunction hearing.

The district court also rejected the argument that statements made by an individual Board member indicating their personal animus or retaliatory motives constituted statements by the Board in a representative capacity. The district court determined that the statements were admissible only to impeach the testimony of a Board member, and that to establish a prima facie case using those statements Slaughter's counsel had to first call and examine the Board members. (A.R. 1168). Even assuming that the statements were admissible under Rule 801(d)(2)(A), the court did not err in determining that Slaughter failed to establish a likelihood of success on the merits of his retaliation claim against the Board necessary for a preliminary injunction. The court did not err when it determined that there was no evidence that Slaughter's employment contract was violated or that he was terminated, as Slaughter served out the entire two-year term stipulated in the contract. Many of Slaughter's witnesses testified to the events surrounding the 2007 sexual harassment investigations and related lawsuit, and the district court properly focused on the 2009 Board and its knowledge and actions.

No. 10-30258

With respect to Slaughter's claims of illegal retaliation, the court did not commit reversible error when it found that Slaughter had failed to establish that the Board--acting through at least nine of the 11 members who voted not to extend Slaughter's employment at Southern--acted with a discriminatory and retaliatory motive to terminate Slaughter for being a sexual harassment whistle blower.  Simply put, even if the statements made by certain Board members were admitted, Slaughter failed to meet his burden of establishing a likelihood of success on the merits that the Board retaliated against him.

Slaughter also appeals the district court's sustaining an objection to his attorney's entering the Agenda for the March 27, 2009 meeting into evidence on the grounds that it was res judicata based on a state court suit for violation of Louisiana's Open Meeting laws that Slaughter dismissed with prejudice.  (A.R. 1190).  He also challenges the district court's refusal to admit into evidence, after a recess, a declaration written by Slaughter in one of the state suits despite the fact that the opposing counsel originally agreed to admit it before the recess.  (A.R. 1323-24).  Finally, Slaughter generally complains about the conduct of the district court during the hearing and the court's active questioning of the relevance of his evidence.  Even if either of these documents had been admitted into evidence, they would not have established Slaughter's prima facie case of retaliation.  The district court did not err by finding that Slaughter failed to establish a likelihood of success on the merits.

Additionally, the district court did not abuse its discretion when it concluded that Slaughter had failed to demonstrate he would suffer irreparable injury if the injunctive relief did not issue.  Slaughter argues on appeal that irreparable harm is presumed from violations of the civil rights statutes.  *See United States v. Hayes Int'l Corp.*, 415 F.2d 1038, 1045 (5th Cir. 1969).  As the district court determined that Slaughter failed to establish a likelihood of success on the merits, this argument does not support reversal.  *See Middleton-*

*Keirn v. Stone*, 655 F.2d 609, 611 (5th Cir. 1981) ("[I]rreparable injury should be presumed from the very fact that the statute has been violated."). Slaughter made no other attempt to demonstrate that he would suffer irreparable harm, and the district court did not abuse its discretion in ruling that he failed to meet his burden to do so.

## III. CONCLUSION

The district court did not abuse its discretion when it determined that Slaughter failed to establish a likelihood of success on the merits for retaliation against the Board or that he would suffer irreparable injury if the injunction did not issue. Likewise, the district court did not abuse its discretion when it denied Slaughter's motion. We therefore affirm the district court's denial.

AFFIRMED.