Phyllis Wilson **HOFFMAN**, Plaintiff,

and

**Equal Employment Opportunity Commission, Plaintiff–Intervenor,**

v.

**UNITED TELECOMMUNICATIONS, INC., et al., Defendants.**

Civ. A. No. 76–223–C2.

United States District Court, D. Kansas.

June 21, 1988.

Edward M. Boddington, Jr., Boddington & Brown, Kansas City, Kan., Gerald S. Hartman, George M. MacDonald/Gregory W. Homer, Vedder, Price, Kaufman, Kammholz & Day, Washington, D.C., John J. Cassidy, Jr., James S. Petrie, Michael G. Cleveland, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendants.

Richard J. Croker/Megan Yearout, Westwood, Kan., for United Telecommunications, Inc.

James R. Neely, Jr., Reg. Atty., Gretchen D. Huston, Supervisory Trial Atty., Robert G. Johnson, Sr. Trial Atty., Thomas J. Borek, Leslie V. Freeman, Trial Atty., E.E.O.C., St. Louis Dist. Office, St. Louis, Mo., for Intervenors E.E.O.C.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

The original plaintiff in this employment discrimination case, which happens to be the oldest lawsuit on this judge's docket and in fact predates this judge's appointment in 1979, settled her claim against defendants in full in late 1987. On October 19, 1987, the court signed off on a stipulation of dismissal by plaintiff and all defendants. By agreement of the parties, the terms of this settlement were kept confidential. This notwithstanding, the EEOC has learned that one of the provisions of the settlement prohibited plaintiff or her legal counsel from any further participation in the case, except that plaintiff could testify pursuant to a subpoena. This part of the settlement was confirmed in a letter written by plaintiff's counsel to the EEOC. The EEOC has moved to declare the settlement agreement provision unenforceable as against public policy, among other grounds.

Plaintiff originally brought this lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging discrimination against herself and a class of females. In 1984, the EEOC and plaintiff successfully petitioned the court to permit the EEOC to assume responsibility of litigating the class claims, thereby leaving plaintiff in the lawsuit solely to litigate her own individual claims of discrimination. Defendants represent that plaintiff has been deposed at great length on several occasions and has expressly testified concerning all known bases for her claims of discrimination. In addition, defendants contend that because plaintiff last worked for defendants prior to the filing of this lawsuit, she has no direct knowledge of defendants' policies or practices subsequent to 1975 and, again, has testified as to her complete knowledge of events before that date. These arguments by defendant are intended to counter the EEOC's allegation that plaintiff's refusal to voluntarily participate in further investigation will substantially hinder its pursuit of charges against defendants, and public policy should be invoked to render void this part of the settlement agreement.

The EEOC also argues that the provision barring contact with the investigation violates Title VII's prohibition against retaliation, because plaintiff is threatened with being held to have violated the settlement agreement if she voluntarily cooperates with the EEOC's prosecution of this case. Finally, the EEOC alleges that the portion of the settlement agreement prohibiting plaintiff's attorneys from further participation in the lawsuit violates the Code of Professional Responsibility, Disciplinary Rule 2–108: "In connection with the settlement of a controversy or suit, a lawyer shall not enter into an agreement that restricts his right to practice law."

The EEOC has cited legal authority to the effect that a waiver of the right to file a charge of discrimination is void as against public policy. Specifically, "an employer and an employee cannot agree to deny to the EEOC the information it needs to advance [the] public interest [in preventing employment discrimination]." *EEOC*

*v. Cosmair, Inc., L'Oreal Hair Care Div.,* 821 F.2d 1085, 1090 (5th Cir.1987). In the *Cosmair* case, the court noted the following:

> Allowing the filing of charges to be obstructed by enforcing a waiver of the right to file a charge could impede EEOC enforcement of the civil rights laws. The EEOC depends on the filing of charges to notify it of possible discrimination.... A charge not only informs the EEOC of discrimination against the employee who filed the charge or on whose behalf it is filed, but also may identify other unlawful company actions.... When the EEOC acts on this information, "albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination."

*Id.* (citations omitted). It is clear that the *Cosmair* court intended to prevent agreements that restricted any attempt to keep victims of discrimination from making their claims public. To allow these claims to be kept secret by an agreement between the employer and employee would create the potential for a company to continue a pattern of discrimination and successfully avoid any penalty by buying out its victims. The Fifth Circuit's opinion does not stand for the proposition that a person in Phyllis Hoffman's situation cannot agree to voluntarily cease cooperation with the EEOC. In *Cosmair,* the policy against denying "information" to the EEOC meant that a victim of discrimination should not be discouraged to file a charge, with the charge being the "information" the EEOC is after. In the present case, a charge was filed and the EEOC has pursued it for over a decade. Plaintiff has apparently testified concerning everything she knows relevant to this case, and there is no allegation that she has failed to cooperate fully in the EEOC investigation, at least until the settlement was consummated. The public policy against denying the EEOC information concerning employment discrimination is simply not being violated in this instance.

■ As the *Cosmair* court noted, a promise such as was made by plaintiff in the settlement agreement is unenforceable if the interest in its enforcement is outweighed under the circumstances by a public policy harmed by enforcement of the agreement. *Id.* The court finds that plaintiff's interest in recovering monetary compensation in a private settlement of an employment discrimination lawsuit that has been pending twelve years outweighs, under the circumstances of this case, any harm to the public policy that encourages cooperation in an investigation of the subject employer. Not the least justification of this holding is plaintiff's availability to testify completely and truthfully upon being subpoenaed by the EEOC. See *EEOC v. United States Steel Corp.,* 671 F.Supp. 351, 358 (W.D.Pa.1987) (finding invalid a release of claims that completely prohibited a victim of discrimination from assisting in the prosecution of a claim).

■ The court does not find the EEOC's remaining arguments persuasive. The issue of whether the settlement violates Title VII's anti-retaliation provision is not ripe, because defendants have done nothing in retaliation of any act by plaintiff. Morever, in the *Cosmair* and *United States Steel* cases cited by the EEOC, agreements signed by potential victims of discrimination included forfeitures of certain employment benefits to which the employees were legally entitled, in the event the employees pursued a charge against the subject employer. In the present case, plaintiff is not legally entitled to have defendants pay an amount of money in settlement of her claims.

■ Finally, the facts simply do not present the possibility of an ethical violation. In agreeing not to participate in this litigation, plaintiff's counsel is in no way restricting any right to practice law. All potential plaintiffs in this lawsuit are represented by the EEOC, by the EEOC's own choice. There will be no opportunity for plaintiff's counsel to advocate the interests of any other person. This argument is without merit.

As a final comment, the court certainly does not intend to encourage settlements

such as the one in this case. Today's decision rests solely on the peculiar facts of this lawsuit, and even a slightly different factual situation could greatly affect the court's disposition on the merits. Simply put, under the circumstances of this case, a settlement agreement limiting the plaintiff's cooperation in culminating the twelve-year-old investigation is not void as against public policy.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff-intervenor's motion to declare settlement agreement provisions unenforceable be denied.