EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

Eugene J. METZGER, et al., Defendants.

Civ. A. No. 93–0028 (CRR).

United States District Court,
District of Columbia.

June 16, 1993.

Donald R. Livingston, Gen. Counsel; Philip B. Sklover Associate Gen. Counsel, Gerald S. Keil, Regional Atty. and Marilyn B. Hardin, Trial Atty., E.E.O.C., Baltimore, MD, for plaintiff EEOC.

Eugene J. Metzger of the law firm of Metzger, Hollis, Gordon and Mortimer,

Washington, DC, for the defendants, Eugene J. Metzger, Brian D. Alprin, James E. Burk and John Lockie and the Law Firm of Metzger, Alprin, Jones and Burk.

Samuel Shepard Jones, Jr., pro se.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court are the Defendants' Motion for Summary Judgment and Motion to Dismiss. The Court held a hearing on the above-captioned case on May 26, 1993. At that time, the Court orally granted the Defendants' Motion for Summary Judgment because it believed that there were no material issues of fact in the case to preclude the entry of summary judgment. Upon further review of the papers submitted by counsel, the Court concludes that its ruling from the bench was in error because there is a material issue of fact in this case and, therefore, the Defendants' Motion for Summary Judgment shall be denied. The Court shall also deny the Defendants' Motion to Dismiss because the Plaintiff has stated a cause of action for retaliation under Title VII. Finally, the Court shall dismiss Samuel S. Jones, Jr., in his individual capacity as a Defendant because he was not given notice of the proceedings before the Equal Employment Opportunity Commission pertaining to this lawsuit.

The above-captioned case is an action brought by the Equal Employment Opportunity Commission (EEOC) on behalf of Lori A. Keesee–Mora. The Plaintiff alleges that the Defendants, former employers of Ms. Keesee–Mora, improperly informed her subsequent employer of a discrimination complaint she filed against the Defendants with the EEOC. The Plaintiff contends that such notification caused Ms. Keesee–Mora's new employer to dismiss her and was an illegal act of retaliation under Title VII of the Civil Rights Act of 1964. Complaint at ¶ 9.[1]

The Defendants contend that the Complaint fails to state a cause of action because former employees are not protected under Title VII. The Court disagrees. The Court of Appeals for the District of Columbia Circuit is among the majority of circuits in the country that have held that an employee may bring an action against his or her former employer for illegal retaliation under Title VII and other employment discrimination provisions. *Passer v. American Chemical Society*, 935 F.2d 322 (D.C.Cir.1991); *see Shehadeh v. Chesapeake and Potomac Telephone Company of Maryland*, 595 F.2d 711 (D.C.Cir.1978); *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527 (11th Cir.), *cert. denied*, 498 U.S. 943, 111 S.Ct. 353, 112 L.Ed.2d 317 (1990); *Bailey v. USX Corp.*, 850 F.2d 1506 (11th Cir.1988); *EEOC v. Cosmair, Inc.*, 821 F.2d 1085 (5th Cir.1987); *Pantchenko v. C.B. Dolge Co.*, 581 F.2d 1052 (2nd Cir.1978) (per curiam); *Rutherford v. American Bank of Commerce*, 565 F.2d 1162 (10th Cir.1977); *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139 (6th Cir.1977).[2] Courts have reasoned that "strict and narrow interpretation of the word 'employee' to exclude former employees would undercut the obvious remedial purposes of Title VII." *Bailey*, 850 F.2d at 1509–10.

Many courts have extended the protection of Title VII's anti-retaliation provision to instances where an employer is trying to harm a former employee's search for a new job. *See, e.g., Rutherford*, 565 F.2d at 1164–65. However, the Eleventh Circuit has gone even further to hold that it is a violation of Title VII's anti-retaliation provision when an employer persuades a former employee's new employer to fire the employee. *Sherman v. Burke Contracting, Inc.*, 891 F.2d 1527 (11th Cir.), *cert. denied*, 498 U.S. 943, 111 S.Ct. 353, 112 L.Ed.2d 317 (1990). In *Sherman*, the Eleventh Circuit concluded that "the distinction between a blacklisting that prevents a former employee from obtaining a new job

---

1. It is unlawful for an employer to take retaliatory action against an employee who has filed a complaint alleging discriminatory treatment. 42 U.S.C. § 2000e–3(a).

2. Conversely, the Fourth and Seventh Circuits have flatly refused to extend Title VII protection

beyond the strict wording of the statute and have rejected suits by former employees. *Reed v. Shepard*, 939 F.2d 484 (7th Cir.1991); *Polsby v. Chase*, 970 F.2d 1360 (4th Cir.1992), *vacated* —— U.S. ——, 113 S.Ct. 1940, 123 L.Ed.2d 646 (1993).

and similar conduct that causes him to lose a new job is meaningless." *Id.* at 1532. Furthermore, our Court of Appeals in *Passer* cited *Sherman* approvingly when noting that retaliation is not simply limited to acts that take the form of cognizable employment actions such as discharge, transfer or demotion but also includes conduct having an adverse impact on the plaintiff. *Passer v. American Chemical Society,* 935 F.2d 322, 331 (D.C.Cir. 1991).

■ Having established that the Plaintiff has a cause of action for retaliation, the Court also finds that there is a material fact in dispute precluding the granting of summary judgment in this case. On the one hand, the Defendants contend that Ms. Keesee–Mora was dismissed from her new job because she was not qualified for the position. The Defendants supply a letter and affidavit from the new employer stating that the Plaintiff's discharge was unrelated to her employment with the Defendants, the discrimination complaint filed by her against the Defendants, or the letter sent by the Defendants to the new employer. *See* Defendants' Motion for Summary Judgment, Exhibits 7 and 8. On the other hand, the Plaintiff contends that she was dismissed due to the letter from the Defendants to her new employer. The Plaintiff provides an affidavit from Ms. Keesee–Mora in which she alleges that her new boss treated her very differently after being informed by the Defendants that Ms. Keesee–Mora had filed a discrimination charge against the Defendants. *See* Plaintiff's Opposition to the Defendants' Motion for Summary Judgment, Exhibit 1. Furthermore, the affidavit states that her new boss had promised to help her learn her job responsibilities, and was doing so, until he received the letter from the Defendants about the job discrimination suit. *Id.*

■ While it is true that the Plaintiff never specifically stated that Ms. Keesee–Mora was qualified for the position at her new employers, it did allege that she was fired for other reasons, allowing the inference that she was not dismissed because she was underqualified but instead that the letter played some part in her dismissal. This is sufficient to state a cause of action under Title VII.

*See Davis v. State University of New York,* 802 F.2d 638, 642 (2nd Cir.1986) (Title VII is violated if a retaliatory motive played a part in an adverse employment actions even if it was not the sole cause). Furthermore, as there has been no discovery in the above-referenced case, outside of that conducted for the administrative hearings, the Court is especially hesitant to deny the Plaintiff a chance to prove its allegations without affording it a chance to obtain the evidence it needs to do so. *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ The Defendants also contend that the Court lacks jurisdiction over this action because the Defendants lacked the number of employees necessary to be an 'employer' under 42 U.S.C. § 2000e at the time of the alleged incident. However, the Defendants merely claim that they did not have 15 full-week employees during the period of March 28, 1989 to May 3, 1989. Defendants' Motion for Summary Judgment, at 5. A shortage of employees during this time period alone does not enable the Defendants to exempt themselves from the reach of Title VII; section 701(b) of Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen [15] or more employees for each working day in each of twenty [20] or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The Defendants do not claim that they did not have 15 or more employees for 20 weeks during calendar year 1989, when the alleged discrimination took place, or the preceding calendar year, 1988. Therefore, the Court declines, at this time, to hold that it lacks jurisdiction. Whether the requisite number of employees existed is a matter that can be ascertained by the parties during discovery.

■ The Defendant Samuel S. Jones, Jr. has filed a Motion to dismiss him from this action in his personal capacity. His Motion contends, *inter alia,* that he should be dismissed in his personal capacity in this lawsuit because he was not a named party in the action brought by Ms. Keesee–Mora at the EEOC and was never given any notice of

**4**

those proceedings. The general rule is that individuals not named in the EEOC charge may not be sued in a subsequent civil action unless they have been given actual notice of the EEOC proceeding or have an identity of interest with the party or parties sued before the EEOC. *See Eggleston v. Chicago Journeymen Plumbers Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir.1981); *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). The Plaintiff contends that the Defendant Jones had constructive notice of the lawsuit because he was a partner at the law firm at the time the suit was before the EEOC. *See* D.C.Code § 41–111. However, this section of the D.C.Code section provides that, under certain circumstances, notice to any partner operates as notice to the partnership; it does not provide that a partner may be sued as an individual when the partnership has constructive knowledge of a lawsuit. In addition, the Plaintiff has provided no evidence that Jones was given the opportunity to participate in the EEOC proceedings or that Jones was mentioned in the details of the charge before the EEOC. Furthermore, there is not a sufficient identity of interest between Defendant Jones as an individual and the partnership to permit this suit against him to go forward. *See Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir.1977).

Therefore, because the Defendant Jones was not sued in the proceeding before the EEOC and because the Plaintiff has not shown that Defendant Jones was on notice of the suit before the EEOC, the Court shall dismiss this action against the Defendant Jones in his individual capacity. However, he shall remain a party to the extent that he was a partner of the Defendant law firm Metzger, Alprin, Jones & Burk, which was sued before the EEOC in this matter and is a Defendant in this action.

Finally, as the Court shall deny the Defendants' Motion for Summary Judgment, it shall also deny the Defendants' Motion to Stay Discovery during the pendency of the Defendants' Motion for Summary Judgment.

The Court shall enter an Order of even date herewith consistent with the foregoing Memorandum Opinion.

### ORDER

After careful consideration of all the outstanding Motions in the above-captioned case, the entire record in this action, the arguments of the parties, the underlying law, and for the reasons articulated in the Memorandum opinion of the Court of even date herewith, it is, by the Court, this 16 day of June, 1993,

ORDERED that the oral Order of the Court on May 26, 1993, which granted the Defendants' Motion for Summary Judgment shall be, and hereby is, VACATED; and it is

FURTHER ORDERED that the Defendants' Motion for Summary Judgment and Motion to Dismiss shall be, and hereby are, DENIED; and it is

FURTHER ORDERED that the Defendant Samuel S. Jones, Jr.'s Motion To Dismiss shall be, and hereby is, GRANTED and he shall be dismissed in his individual capacity in this lawsuit; and it is

FURTHER ORDERED that the Defendants' Motion to Stay Discovery shall be, and hereby is, DENIED.