**Aretha S. BAKER, Plaintiff–Appellant,**

v.

**BUCKEYE CELLULOSE CORPORATION, Defendant–Appellee.**

No. 88–8045.

United States Court of Appeals, Eleventh Circuit.

Sept. 30, 1988.

**168**

James Finkelstein, Albany, Ga., for plaintiff-appellant.

John G. Skinner, Smith, Currie & Hancock, Atlanta, Ga., for defendant-appellee.

Before VANCE and HATCHETT, Circuit Judges, and NESBITT *, District Judge.

NESBITT, District Judge:

Aretha Baker appeals the district court's order denying her motion for a preliminary injunction on the grounds that the court should have held an evidentiary hearing. Although Fed.R.Civ.P. 65(a) does not require a hearing on every motion for injunctive relief, we hold that on the facts of this case the court erred in not conducting a hearing.

## I.

In July 1985 Aretha Baker filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that her employer, Buckeye Cellulose Corporation had discriminated against her because she is black. After the EEOC issued a right-to-sue letter, she filed this civil rights action, claiming violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17. Her complaint had been pending for four months in the dis-

trict court when she filed a motion for a preliminary injunction, seeking to enjoin certain alleged retaliatory actions taken by Buckeye as a result of her filing suit. The motion was set for a hearing, which was cancelled and never rescheduled. The district court denied the motion in a brief order, stating, "Plaintiff has failed to establish to any degree of certainty that she has been legitimately harmed or even threatened with harm. The court finds that this issue is not ripe for pretrial adjudication."

On appeal, Baker argues that the district court erred in denying the motion for preliminary injunction without first having an evidentiary hearing. Buckeye contends that the trial court did not even have jurisdiction over the motion because it contained allegations that had not been presented to the EEOC and were not a part of the original charge or complaint. Alternatively, Buckeye contends that Baker failed to establish that she was entitled to injunctive relief, and that the district court did not abuse its discretion in denying the motion without a hearing.

## II.

### A. *Jurisdiction*

■ In its order denying Baker's motion for a preliminary injunction, the district court did not address the issue of subject-matter jurisdiction. Buckeye argues that the court did not have jurisdiction to consider the motion because she had not asserted the retaliation claim either before the EEOC or in her complaint. Under Buckeye's theory, Baker would have to file a new charge with the EEOC alleging retaliatory actions, obtain a right-to-sue letter, and either file a new complaint in the district court or amend the complaint in the pending case.

In *Gupta v. East Texas State Univ.*, 654 F.2d 411 (5th Cir. Unit A Aug. 1981), the court held that

designation.

* Honorable Lenore C. Nesbitt, U.S. District Judge for the Southern District of Florida, sitting by

it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court. There are strong practical reasons and policy justifications for this conclusion. It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case—a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII.

*Id.* at 411.[1] In *Gupta,* the district court had allowed the plaintiff to amend his complaint to add allegations of retaliatory discharge, even though he had not filed charges with the EEOC. Although Baker did not seek leave to amend the complaint in this case before she filed the motion for injunctive relief, the court's reasoning in *Gupta* still applies. It has long been established in this circuit that the scope of a judicial complaint is defined by the scope of the EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir. 1970); *see also Turner v. Orr,* 804 F.2d 1223, 1226–27 (11th Cir.1986). Because a claim of retaliation could reasonably be expected to grow out of the original charge of discrimination, the district court had jurisdiction over the motion for injunctive relief.

B. *Necessity of a Hearing*

As both parties recognize, a district court's order granting or denying a preliminary injunction is reviewable only for abuse of discretion. *See United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir.1983). A district court may grant injunctive relief if the movant shows (1) a substantial likelihood that she will ultimately prevail on the merits; (2) that she will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; *and* (4) that if issued, the injunction would not be adverse to the public interest. *Id.* (citing *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.,* 697 F.2d 1352, 1354–55 (11th Cir.1983)).

 In the instant case, the district court found that Baker had not established any harm, or even any threatened harm. In this circuit, however, courts are to presume irreparable harm in Title VII cases. *Jefferson County,* 720 F.2d at 1520; *Middleton–Keirn v. Stone,* 655 F.2d 609, 611 (5th Cir. Unit B 1981). On the facts of this case, we hold that the district court erred in not conducting an evidentiary hearing to determine whether Buckeye could overcome that presumption, or whether Baker had met the other requirements listed above.

Federal Rule of Civil Procedure 65(a) states, "No preliminary injunction shall be issued without notice to the adverse party." The United States Supreme Court has noted in passing that "[t]he notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters,* 415 U.S. 423, 432 n. 7, 94 S.Ct. 1113, 1121 n. 7, 39 L.Ed.2d 435 (1974). The intended purpose of the rule is to give the party opposing the motion for injunctive relief an adequate opportunity to prepare; however, Baker asserts that the moving party is also entitled to an opportunity to prove up the motion at a hearing. Rule 65(a) does not expressly require a hearing on every motion for injunctive relief; however, where there is a presumption of irreparable harm, as in this case, the court should conduct an evidentiary hearing before granting or denying the motion.

---

1. This case is binding precedent under *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir.1981).

The order denying Baker's motion seems to rely solely on her failure to prove irreparable harm. On remand, the district court should conduct an evidentiary hearing to determine not only whether Buckeye has rebutted the presumption of irreparable harm but also whether Baker has satisfied the other three requirements for the issuance of a preliminary injunction. *See Middleton–Keirn*, 655 F.2d at 612.

## III.

The district court's decision denying Baker's motion for a preliminary injunction is reversed and remanded for further proceedings.

REVERSED and REMANDED.