[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11602
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-01490-TCB

CRAIG BASEL,

Plaintiff-Appellant,

versus

SECRETARY OF DEFENSE,

Defendant,

U.S. SECRETARY OF THE NAVY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 11, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Craig Basel appeals the district court's grant of the United States Secretary of the Navy's ("Navy") motion to dismiss his complaint under Title VII, 42 U.S.C. § 2000e-16(a), for failing to exhaust his administrative remedies. Basel alleged that he filed a November 16, 2009, letter with the Navy's Equal Employment Opportunity ("EEO") Specialist in which Basel complained of harassment and a hostile work-environment, and that the Navy failed to process or investigate his complaint. Instead, on November 30, 2009, the Navy informed Basel that it would terminate his employment, so Basel raised claims that, in terminating him, the Navy discriminated against him on the basis of his sex, and retaliated against him for filing his letter. On appeal, Basel argues that: (1) he exhausted his administrative remedies because he timely contacted the EEO Specialist through the letter, and he gave the Navy the required 180 days to investigate his claims; (2) the district court had ancillary jurisdiction over his retaliation claim, thereby making exhaustion unnecessary; and (3) even if he failed to exhaust his termination claims, equitable tolling and equitable estoppel excused his failure. After thorough review, we affirm.[1]

We review de novo a district court's order granting a motion to dismiss. See McGinley v. Houston, 361 F.3d 1328, 1330 (11th Cir. 2004). We review the district

---

[1] In addition, Craig Basel's motion for leave to file his reply brief out of time is GRANTED.

2

court's findings regarding equitable relief for clear error.  See Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 660 (11th Cir. 1993) (holding that the district court's finding of equitable tolling was clearly erroneous).

Exhaustion of administrative remedies is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment.  See Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (addressing the Prison Litigation Reform Act's exhaustion requirements).  Thus, it is permissible for a district court to consider facts outside of the pleadings and resolve factual disputes so long as the factual disputes do not decide the merits and the parties are given sufficient opportunity to develop a record.  Id. at 1376.  Deciding a motion to dismiss for failing to exhaust administrative remedies is a two-step process.  Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).  First, the court must look to the factual allegations in the defendant's motion and the plaintiff's response, taking the plaintiff's version of the facts as true to the extent that it conflicts with that of the defendant.  Id.  If the complaint is not subject to dismissal at this step, the court must then make specific findings to resolve the parties' factual disputes, and determine whether the defendant bore its burden of proving that the plaintiff failed to exhaust his administrative remedies.  Id. at 1082-83.

3

The federal government must make all personnel actions affecting employees in the military departments, including the Navy, free of any discrimination based upon sex. 42 U.S.C. § 2000e-16(a); 5 U.S.C. § 102 (defining the term "military departments" as including the Department of the Navy). Both federal statutes and Equal Employment Opportunity Commission ("EEOC") regulations require that a federal employee exhaust an administrative process before filing a judicial complaint of discrimination. Brown v. Snow, 440 F.3d 1259, 1262 (11th Cir. 2006). We consider whether the plaintiff made a good faith effort to comply with the regulations and provide all of the relevant specific information available to him so that the agency is given every opportunity to investigate and resolve the dispute. Id. at 1263.

A plaintiff alleging discrimination against the Navy must first consult an EEO Counselor within 45 days of the effective date of the alleged discriminatory personnel action. 29 C.F.R. § 1614.105(a)(1). This time period must be extended by the agency under certain circumstances. Id. § 1614.105(a)(2). Over the 30 days following the plaintiff's initial contact, the EEO Counselor must try to informally resolve the plaintiff's complaint, and advise the plaintiff regarding a number of rights and responsibilities. See id. § 1614.105(a)-(d). If the informal counseling procedure does not resolve the issue, the EEO Counselor must, within 30 days after the plaintiff contacted him, advise the plaintiff of his right to file a discrimination complaint. Id.

4

§ 1614.105(d). The plaintiff must then file a complaint with the agency against which he alleges discrimination within 15 days of receiving notice from the EEO Counselor. Id. § 1614.106(a)-(c). The plaintiff's failure to comply with any of the these time limits requires the agency to dismiss a complaint. Id. § 1614.107(a)(2).

Title VII also contains a statute of limitations for claims filed with the district court. See 42 U.S.C. § 2000e-16(c). If the plaintiff received a notice of final action regarding his administrative complaint from a department, or the EEOC if an administrative appeal was taken, he must file his action with the district court within 90 days of his receipt of the notice. Id.; 29 C.F.R. § 1614.407(a), (c). Otherwise, where no final action has been taken, the plaintiff must wait at least 180 days after filing the initial charge with the department before he may file his judicial complaint. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(b).

The purpose of exhaustion is to permit the department the first opportunity to investigate the alleged discriminatory or retaliatory practices, and a plaintiff's judicial complaint is thereby limited by the scope of the investigation that can reasonably be expected to grow out of the administrative charge of discrimination or retaliation. See Gregory v. Georgia Dep't of Human Res., 355 F.3d 1277, 1279-80 (11th Cir. 2004). The proper inquiry is, therefore, whether the plaintiff's judicial complaint was like or related to, or grew out of, the administrative allegations. See id. at 1280.

5

Judicial claims are allowed if they "amplify, clarify, or more clearly focus" the charges made before the agency, and, given that we are reluctant to allow procedural technicalities to bar Title VII claims, the scope of the administrative charges should not be strictly construed. See id. at 1279-80 (quotation omitted).

In this same vein, it is unnecessary for a plaintiff to exhaust administrative remedies prior to raising a judicial claim of retaliation that grows out of an earlier charge. Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 168-69 (11th Cir. 1988). Where a retaliation claim grows out of an administrative charge that the plaintiff properly presented to the court, the district court has ancillary jurisdiction over the claim. See id. at 169. A district court, however, may not consider a retaliation claim that was not first administratively exhausted where no other properly raised judicial claim exists to which the retaliation claim may attach. See Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 761-62 (11th Cir. 1995) (agreeing with the Fifth Circuit's holding that the district court properly dismissed an unexhausted retaliation claim because no other discrimination charges were properly presented to the district court, and concluding that the district court properly denied the plaintiff's motion to amend her complaint to raise an unexhausted retaliation claim where the underlying age discrimination claim was untimely filed).

6

Although judicial complaints do not necessarily have to be mirror images of earlier administrative complaints, allegations of new acts of discrimination that are offered as the essential basis for judicial review must nonetheless be presented to the agency. See Ray v. Freeman, 626 F.2d 439, 442-43 (5th Cir. 1980).[2] Discrete acts of discrimination that occur after an administrative filing must first be administratively reviewed before a plaintiff may obtain judicial review of those same acts. See id. (concluding that the plaintiff failed to administratively exhaust her judicial claims that arose from acts that occurred after she filed her EEOC charge of discrimination). Readily identifiable acts, such as termination, are discrete employment actions. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).

The administrative deadlines, however, are not jurisdictional prerequisites, and are subject to estoppel and equitable tolling. Ross, 980 F.2d at 660 (quotation omitted); 29 C.F.R. § 1614.604(c). Equitable tolling of a limitations period applies only where the plaintiff demonstrates that an inequitable event prevented his timely action. See Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) (discussing equitable tolling of the statute of limitations under the Public Vessels Act and the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Suits in Admiralty Act). The plaintiff does not have to demonstrate any misconduct by the defendant. See Browning v. AT&T Paradyne, 120 F.3d 222, 226 (11th Cir. 1997). While equitable tolling may permit consideration of an untimely filing, however, it does not apply to relieve the plaintiff of his responsibility to exhaust, or even begin, his administrative remedies. See Grier v. Sec'y of the Army, 799 F.2d 721, 724 (11th Cir. 1986).

Equitable estoppel, by contrast, requires an allegation of misconduct on the part of the party against whom it is made. See Browning, 120 F.3d at 226. Assuming that the government may be equitably estopped from raising a limitations defense, the party claiming estoppel must show a reliance on his adversary's conduct in a manner that changed his position for the worse, and that the reliance was reasonable in that he did not know nor should he have known that his adversary's conduct was misleading. See Ferry v. Hayden, 954 F.2d 658, 661-62 (11th Cir. 1992).

Here, it is undisputed that Basel never explicitly raised either of his termination claims with the Navy. Instead, in the October 2009 written complaint he filed with Navy EEO Commander Bennie Earvin (the "Earvin complaint"), Basel only alleged sex discrimination, gender-related harassment, and hostile work-environment. This was Basel's only EEO contact with the Navy. Thus, assuming that Basel did all that was required of him to exhaust the claims found in the Earvin complaint, his judicial

8

complaint was limited by the scope of the investigation that could reasonably be expected to grow from the Earvin complaint. See Gregory, 355 F.3d at 1279-80.

Claims arising from Basel's termination, however, did not grow out of the Earvin complaint. His termination constituted a discrete employment act of which he received notice after filing the Earvin complaint, and, as a result, Basel was required to first present his termination claims to the Navy despite his previous filing. See Morgan, 536 U.S. at 114; Ray, 626 F.2d at 442-43; 29 C.F.R. § 1614.105(a)(1). Since Basel never presented either of his termination claims to the Navy, he did not properly raise them before the district court. See Brown, 440 F.3d at 1262; 29 C.F.R. § 1614.105(a)(1), 1614.107(a)(2).

Having failed to present his termination claims to the Navy, Basel cannot rely upon the district court's ancillary jurisdiction to save his retaliation claim. Each of his judicial claims remained unexhausted, see 29 C.F.R. § 1614.105(a)(1), thereby leaving no claims before the district court that were properly raised. Under these circumstances, no judicial claims existed to which Basel's retaliation claim could attach in order to invoke the district court's ancillary jurisdiction. See Hargett, 60 F.3d at 761-62; Baker, 856 F.2d at 169.

Nor did the district court clearly err in denying Basel equitable relief. Even if equitable tolling would have permitted Basel to pursue his administrative remedies

9

in an untimely manner, it cannot excuse his failure to initiate the administrative process altogether. See Grier, 799 F.2d at 724. Basel's arguments that the Navy interfered with his pursuit of his termination claims in support of equitable estoppel are similarly without merit. It is unclear how the Navy's failure to process the Earvin complaint, which pre-dated Basel's notice of his termination and did not include any claims arising therefrom, interfered with his ability to present his termination claims to the Navy or otherwise placed him in a worse position as to those claims. Likewise, Basel demonstrated his personal awareness of the administrative process through his filing of the Earvin complaint, and he had the same 45-day period to raise his termination claims as any other claimant. See Carter v. West Pub. Co., 225 F.3d 1258, 1266 n.2 (11th Cir. 2000) (noting that the plaintiff was aware of her procedural rights to file an administrative charge as demonstrated by her prior visit to the EEOC); 29 C.F.R. § 1614.105(a)(1). Although he argues that the Navy denied him an extension of the 45-day period, Basel never alleged or presented any evidence that he was entitled to such an extension. See 29 C.F.R. § 1614.105(a)(2). Thus, Basel did not show reasonable reliance on the Navy's misconduct in such a manner that changed his position for the worse so as to justify equitable estoppel. See Browning, 120 F.3d at 226; Ferry, 954 F.2d at 661-62.

10

In short, Basel failed to administratively exhaust his termination claims, <u>see</u> 29 C.F.R. § 1614.105(a)-(d); 29 C.F.R. § 1614.106(a)-(c), and he was not entitled to equitable relief from his failure to do so.  Accordingly, the district court properly granted the Navy's motion to dismiss, and we affirm.

**AFFIRMED.**