[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11047
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-00380-LMM

PAUL E. FLECK,

Plaintiff-Appellant,

versus

SECRETARY OF THE U.S. DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 4, 2020)

Before MARTIN, GRANT and MARCUS, Circuit Judges.

PER CURIAM:

Paul E. Fleck appeals the district court's order granting the Secretary of the

U.S. Department of Transportation's ("DOT") motion for summary judgment on his

complaint alleging discrimination and retaliation under the Rehabilitation Act of

1973 ("Rehabilitation Act"), 29 U.S.C. § 794(a).  On appeal, Fleck argues that -- although he never filed a complaint related to his claims with the Equal Employment Opportunity Commission ("EEOC") -- his claims were exhausted because they presented a mixed case of discrimination and actions appealable to the Merit Systems Protection Board ("MSPB") and, therefore, he exhausted his administrative remedies through that appeal.  After careful review, we affirm.

We review a grant of summary judgment de novo.  Kernel Records Oy v. Mosley, 694 F.3d 1294, 1300 (11th Cir. 2012).  Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Id.  All justifiable inferences must be drawn in favor of the non-movant.  Id. at 1301.  A party abandons a challenge to a district court ruling that it does not brief on appeal.  Sapuppo v. Allstate Fla. Ins. Co., 739 F.3d 678, 680-81 (11th Cir. 2014).

The Rehabilitation Act extends the protections of the Americans with Disabilities Act of 1990 ("ADA") to federal government employees.  29 U.S.C. § 791(f).  The ADA prohibits discrimination against qualified individuals on the basis of disability concerning certain employment decisions.  42 U.S.C. § 12112(a).  A federal employee has a duty to exhaust his procedural remedies concerning any allegedly discriminatory act before challenging the act in federal court by raising his claims through an internal complaint process with the employing agency.  Ellis v. England, 432 F.3d 1321, 1323-24 (11th Cir. 2005).  "If dissatisfied with the agency's

2

resolution, the employee may bring a claim to the EEOC, which will issue its own recommendation." Id. at 1324. The agency then reviews the EEOC recommendation and issues a new decision, which is appealable to the EEOC. Id.

Federal employees are also protected from adverse employment decisions by the Civil Service Reform Act of 1978 ("CSRA"). 5 U.S.C. § 1101 et seq. The CSRA provides procedural protections for certain adverse employment decisions and, in limited situations, the affected employee has a right to appeal the decision to the MSPB. Kloeckner v. Solis, 568 U.S. 41, 44 (2012); see also 5 U.S.C. §§ 7512, 7513(d) (providing that the MSPB may hear appeals involving removals, suspensions for more than 14 days, reductions in grade or pay, and furloughs of 30 days or less). When an employee alleges that the adverse decision was both "serious enough to appeal to the MSPB and . . . based on discrimination, [he] is said (by pertinent regulation) to have brought a mixed case." Solis, 568 U.S. at 44 (quotations omitted); see also 29 C.F.R. § 1614.302.

A federal employee presenting a mixed case may either file a discrimination complaint with the EEOC or file an appeal with the MSPB but may not do both. 29 C.F.R. § 1614.302(b). Appeals to the MSPB must be filed within 30 days after the effective date of the adverse decision appealed from, or within 30 days from the date the appellant receives notice of the adverse decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). If an adverse decision is not serious enough to appeal to the MSPB,

3

the employee must initiate the administrative review process with the EEOC within 45 days of the effective date of the adverse decision.  29 C.F.R. § 1614.105(a)(1).

Generally, when the employee does not initiate the EEOC process within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies.  Shiver v. Chertoff, 549 F.3d 1342, 1344 (11th Cir. 2008).  Each alleged discriminatory act occurred on the day that it happened and constitutes a separate unlawful employment action that starts a new clock for filing charges based on that act.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 111-13 (2002).

We strictly apply exhaustion requirements.  Perrino v. S. Bell Tel. & Tel. Co., 209 F.3d 1309, 1318 (11th Cir. 2000).  A federal employee's failure to follow administrative procedures and to adhere to deadlines is a ground for dismissal of the action.  See Doe v. Garrett, 903 F.2d 1455, 1461 (11th Cir. 1990).  Equitable tolling cannot excuse the failure to initiate the administrative review process altogether; instead, "failure to exhaust or even begin" the administrative remedies bars an appellant's suit.  See Grier v. Sec'y of Army, 799 F.2d 721, 724 (11th Cir. 1986).

Here, the district court did not err in granting summary judgment in favor of DOT for Fleck's failure to exhaust his administrative remedies.  For starters, the district court properly concluded that the claims in Counts I and II were not appealable to the MSPB because the DOT's allegedly discriminatory actions did not involve a removal, suspension, reduction in grade or pay, or furlough.  See 5 U.S.C.

4

§§ 7512, 7513(d).  Fleck's claims stem from his return to work in November 2013, after suffering his fourth stress-related on-the-job injury, when DOT transferred him from an Air Traffic Control Specialist ("ATCS") position to administrative duties. Although the DOT's alleged actions -- including its November 2013 refusal to return Fleck to the ATCS position or to explain its decision, and its November 2013 failure to conduct a direct threat examination after determining he posed a threat to himself and others -- prevented Fleck from resuming his ATCS duties for a time, he alleged that he was not formally removed from his ATCS position until November 2015. And Fleck did not allege that during the relevant time, he was suspended or the non-ATCS position involved a reduction in grade or pay.  Thus, the DOT's November 2013 actions were not appealable to the MSPB, and Fleck was required to exhaust his administrative remedies through the EEOC, which he did not do.

As for Fleck's arguments that his MSPB appeal satisfied the purposes of exhaustion under Brown v. Snow, 440 F.3d 1259 (11th Cir. 2006), they are misplaced.  Nothing Fleck did before the MSPB could satisfy the requirement -- clear under our exhaustion precedent and the pertinent regulations -- that he initiate the administrative review process with the EEOC.  See 29 C.F.R. § 1614.105(a)(1). We strictly apply exhaustion requirements, Perrino, 209 F.3d at 1318, and the parties do not dispute that Fleck failed to pursue his administrative remedies through the EEOC.   Further, even if Fleck did not discover any potential grounds for

discrimination until his November 2015 removal, we've squarely held that equitable tolling cannot excuse an appellant's failure to initiate the administrative review process altogether. Grier, 799 F.2d at 724. Accordingly, the district court did not err in granting the DOT's motion for summary judgment as to Counts I and II on the grounds that Fleck's claims in those counts were administratively unexhausted.

Moreover, the district court properly granted the DOT's motion for summary judgment as to Counts III and IV -- alleging that the agency retaliated against Fleck for his MSPB appeal by threatening to deny him back pay and by offering him a vacant position during settlement negotiations -- because those claims also were administratively unexhausted. As an initial matter, it is unclear what Fleck refers to by his statement that Count IV should be denied but, even conducting a de novo review as to both counts, the district court did not err.

Like his claims in Counts I and II, Fleck's retaliation claims in Counts III and IV were not properly appealable to the MSPB because they did not challenge a removal, suspension, reduction in pay or grade, or furlough, or allege one of those acts as retaliation. See 5 U.S.C. §§ 7512, 7513(d). Thus, Fleck was required to exhaust his administrative remedies through the EEOC and failed to do so. See Solis, 568 U.S. at 44; Ellis, 432 F.3d at 1323-24. And, again, Fleck's arguments that his MSPB appeal satisfied the purposes of exhaustion with the EEOC are without merit. See 29 C.F.R. § 1614.105(a)(1); Perrino, 209 F.3d at 1318.

6

As for Fleck's argument that his <u>retaliation</u> claims were properly appealable to the MSPB because they grew out of an earlier charge of <u>discrimination</u>, we disagree. As we've explained, Fleck's discrimination claims were not properly before the MSPB and, because his retaliation claims represented discrete acts, he needed to separately exhaust them. <u>See</u> <u>Morgan</u>, 536 U.S. at 111-13 (indicating that each alleged unlawful employment action starts a new clock for filing charges alleging that act). Further, Fleck relies on <u>Baker v. Buckeye Cellulose Corp.</u>, in which we said that "the scope of a judicial complaint is defined by the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination." 856 F.2d 167, 169 (11th Cir. 1988) (quotations omitted). But here, unlike in <u>Baker</u>, there was no EEOC complaint, much less an EEOC investigation.

Finally, because Fleck failed to exhaust his administrative remedies through the EEOC, his arguments about when his retaliation claims accrued are immaterial because equitable tolling does not excuse his failure to attempt exhaustion. <u>See</u> <u>Grier</u>, 799 F.2d at 724. Thus, the district court properly granted the DOT's motion for summary judgment as to Fleck's claims in Counts III and IV, and we affirm as to this issue as well.[1]

**AFFIRMED**.

---

[1] To the extent Fleck's notice of appeal indicated his intent to appeal the district court's orders denying his motions for reconsideration and for a review of an award of costs, Fleck abandoned any challenge to those orders by failing to argue it on appeal. <u>See</u> <u>Sapuppo</u>, 739 F.3d at 681.

7