[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-12505

Non-Argument Calendar

————————————————

JEAN DOMINIQUE MORANCY,

Father

L.M.,

a minor, by and through her father, Jean Dominique
Morancy,

                                        Plaintiffs-Appellants,

*versus*

SABRINA ALEX SALOMON,

GERALD FRANCIS ZNOSKO,

ANGELA LYNN LAMBIASE,

CARLOS A. OTERO,

KEITH FRANKLIN WHITE, et al.,

2                    Opinion of the Court                    24-12505

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-00714-CEM-RMN

_____

Before ROSENBAUM, ABUDU, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Jean Dominique Morancy, proceeding pro se, appeals the district court's denial of his request for a preliminary injunction in his civil suit.[1] On appeal, he argues, in part, that the district court abused its discretion in denying his motion for a preliminary injunction because it failed to support its decision with specific factual findings. Because the district court did not apply the wrong law, follow incorrect procedures, or make clearly erroneous factual findings, and because under *Younger v. Harris*, 401 U.S. 37 (1971), Morancy's case was unlikely to succeed on the merits, the district court did not abuse its discretion in denying Morancy's request for a preliminary injunction. As a result, we affirm.

---

[1] We give "liberal construction to the pleadings of *pro se* litigants, [but] we nevertheless [require] them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (internal quotation marks omitted).

## I.

Morancy filed a lawsuit under 42 U.S.C. § 1983 against many people and institutions involved with his underlying state court dependency proceedings.[2] He alleged that the various defendants had conspired to commit offenses including fraud, abuse of power, attempted murder, perjury, defamation, legal malpractice, obstruction of justice, and racketeering, in relation to the state court case. The district court dismissed the case under the *Younger* abstention doctrine. Morancy appealed. This court reversed the dismissal for reasons not relevant on appeal but declined to address whether *Younger* abstention applied, instead leaving that question for the district court to address on remand. Morancy amended his complaint and a motion for a preliminary injunction or temporary restraining order (TRO) or a writ of mandamus.

The district court denied Morancy's request for a preliminary injunction. The court stated that review of Morancy's second amended complaint and motions raised the issue of whether the district court should abstain under *Younger* because Morancy sought relief from state court decisions. The court noted that all of Morancy's claims related to civil state proceedings and involved issues of child custody, child support, and paternity. The court concluded that all three *Middlesex*[3] factors for determining abstention were met: (1) that the proceedings constituted an ongoing state

---

[2] Morancy petitioned in state court in late 2019 to resolve timesharing and child support issues between him and the mother of his minor child.

[3] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

judicial proceeding, (2) that the proceedings implicated an important state interest, and (3) that there was adequate opportunity in the state proceedings to raise constitutional challenges. So the court determined that Morancy failed to establish a substantial likelihood of success on the merits. The court denied Morancy's motion and ordered him to show cause as to why his claims seeking injunctive relief should not be dismissed and his claims seeking damages stayed under *Younger*. Morancy filed this interlocutory appeal of the district court's denial of his request for a preliminary injunction.

## II.

We review a district court's ruling on a preliminary injunction for an abuse of discretion. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004). Similarly, a district court's decision to abstain under *Younger* is reviewed for an abuse of discretion. *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). A district court abuses its discretion when "it applies an incorrect legal standard, follows improper procedures in making [a] determination, or makes findings of fact that are clearly erroneous." *Klay*, 376 F.3d at 1096.

## III.

A party seeking a preliminary injunction must establish that

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed

injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (internal quotation marks omitted). Courts need not address the other requirements if the movant cannot show a substantial likelihood of success on the merits. *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011).

The *Younger* doctrine "derives from the vital consideration of comity between the state and national governments." *31 Foster Children*, 329 F.3d at 1274 (internal quotation marks omitted). Under *Younger* and its progeny, "federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997). *Younger* abstention applies to three categories of cases: (1) "ongoing state criminal prosecutions," (2) "certain civil enforcement proceedings," and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (alteration adopted and internal quotation marks omitted). In such cases, whether the case warrants *Younger* abstention is then threefold: (1) do the proceedings constitute "an ongoing state judicial proceeding," (2) "do the proceedings implicate important state interests," and (3) "is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The first factor is met when the relief sought by the plaintiff would interfere with an ongoing state proceeding. *31 Foster Children*, 329 F.3d at 1275–76. The plaintiff's requested relief interferes with the state proceeding if it would disrupt the normal course of action in the state proceeding. *Id.* at 1276.

As to the second factor, the Supreme Court has repeatedly recognized that states "have important interests in administering certain aspects of their judicial systems." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12–13 (1987). Proceedings implicate important state interests when they are necessary for the vindication of vital state policies. *31 Foster Children*, 329 F.3d at 1274. Domestic relations issues are historically considered important state issues left to the discretion of state courts. *See Moore v. Sims*, 442 U.S. 415, 434–35 (1979) (family relations are an "important" and "traditional area of state concern").

For the third factor, "plaintiffs have the burden of establishing that the state proceedings do not provide an adequate remedy for their federal claims." *31 Foster Children*, 329 F.3d at 1279. "A federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* (internal quotation marks omitted). The relevant question is "not whether the state courts can do all that Plaintiffs wish they could" but whether the available remedies are adequate. *Id.* (internal quotation marks omitted).

24-12505                Opinion of the Court                7

## IV.

Here, the district court did not abuse its discretion in denying Morancy's request for a preliminary injunction.[4] The district court here provided both a factual background and caselaw and noted that the requirements of the foundational caselaw were met. It properly applied our test for when a preliminary injunction is appropriate and determined that Morancy failed to meet the first prong—a substantial likelihood of success on the merits—because it was barred from considering his claims under *Younger*. Though the district court's order was brief, it did specifically find that the *Middlesex* factors were met and that *Younger* abstention was warranted.

The district court's analysis was not clearly erroneous because the instant case directly involves civil state court proceedings in a dependency and child custody case, *see Sprint Commc'ns, Inc.*, 571 U.S. at 78, and it satisfies all three *Middlesex* factors. *See 31 Foster Children*, 329 F.3d at 1275–79. The first *Middlesex* factor, requiring ongoing state judicial proceedings in which federal litigation would

---

[4] Morancy also requested an evidentiary hearing, and the district court denied the request as moot. While a district court may hold an evidentiary hearing before ruling on a preliminary injunction, we have determined that Federal Rule of Civil Procedure 65(a), which provides that a preliminary injunction shall only issue after notice to the adverse party, "does not expressly require a hearing on every motion for injunctive relief." *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988). Therefore, to the extent that Morancy argues that the district court erred in failing to hold an evidentiary hearing on his motion, he is incorrect.

interfere, is satisfied because Morancy requests the transfer of his state court case to a different state court. *See id.* at 1275. Morancy's request indicates not only that the state case is ongoing, but also that Morancy explicitly requested intervention in the state proceedings. *See id.* And *Younger* does not, as Morancy appears to argue, apply only where there are pending criminal proceedings. *See id.* at 1274.

The second factor, requiring that the state proceeding implicate important state interests, is satisfied because domestic relations issues have been historically considered a state interest. *See Middlesex*, 457 U.S. at 432; *Moore*, 442 U.S. at 434–35. While Morancy's second amended complaint arguably raises federal issues, the underlying state proceedings he seeks to challenge fall squarely within the realm of state interests, and the district court therefore properly concluded that this factor was met. *See Moore*, 442 U.S. at 434–35; *Klay*, 376 F.3d at 1096.

The third factor, requiring adequate opportunity in the state proceedings to raise constitutional challenges, is also satisfied because the court may presume that the state proceedings will afford an adequate remedy, and Morancy did not provide any unambiguous authority to the contrary. *See 31 Foster Children*, 329 F.3d at 1279. Morancy's claims about the bias and corruption of various state court actors are irrelevant to the third factor because the third factor is not concerned with questions of substance or equity, but is procedural, and Morancy could raise his due process claims in

the state proceedings. *Johnson v. Florida*, 32 F.4th 1092, 1101 (11th Cir. 2022) (internal quotation marks omitted).

In sum, the district court did not apply an incorrect legal standard, follow incorrect procedures, or make clearly erroneous factual findings when it found that the three *Middlesex* factors were met and that *Younger* abstention was likely warranted. Therefore, the district court did not abuse its discretion in denying Morancy's request for a preliminary injunction because he was unlikely to succeed on the merits. *See Forsyth Cnty.*, 633 F.3d at 1039; *Klay*, 376 F.3d at 1096. Because the district court did not err in finding that Morancy failed to establish a substantial likelihood of success on the merits, we need not consider the other prongs of the preliminary injunction inquiry. *See Bloedorn*, 631 F.3d at 1229. Accordingly, we affirm.

**AFFIRMED.**